**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

**JOHNNY LEE WESLEY, Jr.,**

    **Petitioner,**

v.                                                      Criminal No: 1:97cr382-2

**UNITED STATES of AMERICA,**

    **Defendant.**

**<u>OPINION & ORDER</u>**

This matter is before the Court on pro se Petitioner's several letters and motions: a letter dated June 22, 2005, requesting reconsideration of Petitioner's sentence ("June 2005 Letter"); a January 11, 2006, petition under 28 U.S.C. § 2255 ("January 2006 § 2255"), Doc. 108; a January 11, 2006, "2254 [sic] Petition (Motion)" for leave to file a successive § 2255 motion ("Motion for Leave"), Doc. 109; a February 10, 2006, letter requesting relief pursuant to Federal Rule of Civil Procedure 60(b) from the Court's prior Order (Doc. 97) ("February 2006 Rule 60(b) Letter"), Doc. 110; a "Motion to Reconsider Sentence Rule 35" ("Rule 35 Motion"), Doc. 112; and a June 14, 2006, motion for reconsideration ("June 2006 Rule 60(b) Motion"), Doc. 114. Petitioner has also moved the Court to expedite its review of his June 2006 Rule 60(b) Motion, to grant him a hearing on this motion, and to appoint him counsel. Doc. 117.

## I. Procedural History[1]

On January 27, 1998, a jury found Petitioner guilty of conspiracy to distribute and to possess with intent to distribute 50 grams or more of "crack" cocaine, to distribute and possess with intent to distribute a detectable amount of cocaine, and to distribute and possess with intent to distribute a detectable amount of marijuana, in violation of 21 U.S.C. § 846 ("Count One"); murder in furtherance of drug trafficking, in violation of 21 U.S.C. § 848(c)(1)(A) and 18 U.S.C. § 2 ("Count Two"); and interstate transportation in aid of racketeering with the intent to commit a crime of violence—a robbery and killing—to further unlawful activity, in violation of 18 U.S.C. §§ 1952 and 2 ("Count Three").  On May 8, 1998, the Court sentenced Petitioner to concurrent life sentences on each count.  The Court entered its judgment as to Petitioner on June 3, 1998.  Doc. 47.  The United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and sentence on July 19, 1999, and entered its judgment on August 11, 1999.  Docs. 57-59; United States v. Wesley, 187 F.3d 633, 1999 WL 507243 (4th Cir., July 19, 1999) (unpublished).  Petitioner did not petition the Supreme Court of the United States for a writ of certiorari on direct review.

On July 19, 2000, Petitioner filed his first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("original § 2255").  Doc. 60.  The Court denied Petitioner's motion on July 30, 2001, and the Fourth Circuit denied Petitioner's appeal.  Docs. 87, 91 & 92; United States v. Wesley, 30 Fed. Appx. 215 (4th Cir., Mar. 7, 2002) (unpublished).

Petitioner had sought to supplement his original § 2255 on September 5, 2000

---

[1] This history does not reflect the complete factual and procedural history as to Petitioner, but only those events relevant to the present motions and letters.

("September 5, 2000, Motion"). Doc. 64. However, on October 2, 2000, the Court construed this motion as a motion to amend the original § 2255 with new issues not addressed in the original motion. Doc. 80 at 2. The Court denied this motion to amend as futile, because the Court held that the statute of limitations had expired on July 19, 2000, and Petitioner's new grounds for relief did not relate-back to his original grounds. Id. at 5. On October 19, 2000, Petitioner moved the Court to reconsider its October 2, 2000, Order. Doc. 68. The Court denied Petitioner's motion to reconsider as part of the Court's July 30, 2001, Order denying Petitioner's original § 2255. Doc. 87 at 2-4. The Court noted that Petitioner's September 5, 2000, Motion had "attempted to raise issues emanating from . . . Apprendi v. New Jersey, 530 U.S. 466 (2000)." Id. at 2. The Court found that "in addition to the reasons stated by the Court in its Order [Doc. 80] denying the motion to amend, the Court . . . finds that such claims would be futile in that such claims would not be cognizable on collateral review." Id. at 3 (citing United States v. Sanders, 247 F.3d 139, 146 (4th Cir. 2001) (holding that Apprendi is not retroactively available to federal prisoners on collateral review)).

On October 28, 2003, Petitioner filed another motion to reconsider the Court's denial of his motion to supplement his original § 2255 ("October 2003 Rule 60(b) Motion"). Doc. 96. The Court construed Petitioner's October 2003 Rule 60(b) Motion as a second or successive § 2255 motion and denied the motion on December 11, 2003. Doc. 97. The Court did note, however, that intervening Supreme Court case law, if retroactively applied, would have required the Court to consider Petitioner's September 5, 2000, Motion as timely filed, id. at 3-5 (citing Clay v. United States, 537 U.S. 522, 532 (2003)), and recommended that the Fourth Circuit grant Petitioner a certificate of appealability, id. at 4.

The Fourth Circuit declined to authorize Petitioner to file a successive § 2255 on October 20, 2004. Doc. 100. The Fourth Circuit also denied Petitioner's appeal from this Court's December 11, 2003, Order, because Petitioner failed to file a timely notice of appeal. Docs. 102-06; United States. v. Wesley, 124 Fed. Appx. 777 (4th Cir., Mar. 14, 2005) (unpublished). Petitioner was also late in petitioning the Supreme Court for review, and the Supreme Court denied Petitioner permission to file an untimely petition for a writ of certiorari. Wesley v. United States, Docket No. 05M55 (U.S., Feb. 21, 2006).

Petitioner filed another § 2255 motion on March 14, 2005. Doc. 101. The Court dismissed this motion as a successive § 2255 on July 26, 2005, as the Court was without jurisdiction to hear the motion absent a certificate of appealability from the Fourth Circuit. Doc. 107. The Fourth Circuit again denied Petitioner authorization to file a successive § 2255 on February 22, 2006. Doc. 111.

## II. Legal Standards

### A. Section 2255 Motions

Section 2255 is designed to correct fundamental constitutional or jurisdictional errors, which would otherwise "inherently result[] in a complete miscarriage of justice." United States v. Addonizio, 422 U.S. 178, 185 (1979). In order to move the Court to vacate, set aside or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) that his sentence was imposed in violation of the Constitution or laws of the United States; (2) that the Court was without jurisdiction to impose such a sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255 ¶ 1.

A petitioner bears the burden of proving his grounds for collateral review of his sentence

by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965); Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998). The Court may decide a § 2255 Motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 ¶ 2. A district judge may also deny without a hearing § 2255 motions which state only "legal conclusions with no supporting factual allegations," Sanders v. United States, 373 U.S. 1, 19 (1963), or those motions which only raise allegations of "a vague, conclusory or palpably incredible nature," Machibroda v. United States, 368 U.S. 487, 495 (1962).

A motion pursuant to 28 U.S.C. § 2255 "may not do service for an appeal," United States v. Frady, 456 U.S. 152, 165 (1982), and therefore § 2255 claims that should have been raised at trial, Wainwright v. Sykes, 422 U.S. 72, 91 (1977), and claims that could have been raised on direct appeal but were not, Frady, 456 U.S. at 167-68, are procedurally defaulted unless one of three exceptions applies. The first exception applies when a petitioner demonstrates "cause" for his procedural default and "actual prejudice" therefrom. Id. The second applies when a petitioner can demonstrate his actual innocence in either a capital case, or a case in which a recidivist sentencing enhancement was applied to the petitioner. United States v. Mikalajunas, 186 F.3d 490, 494-95 (4th Cir. 1999). The third exception applies when a petitioner brings a claim of constitutionally ineffective assistance of counsel under the standard set forth in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). Collateral attack also may not ordinarily be made on the basis of issues litigated on direct appeal, unless an intervening change in the law warrants reconsideration. See United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004) (citing Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976)).

Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. This limitation period runs from the latest of (1) the date on which judgment of conviction became final; (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or the laws of the Untied States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court of the United States of America, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255 ¶ 6. Section 2255 does not define when a "judgment of conviction [becomes] final" for the purposes of § 2255 ¶ 6(1). If a petitioner appeals to the Fourth Circuit but declines to petition the Supreme Court for a writ of certiorari, petitioner's judgment of conviction becomes final when the time for petitioning the Supreme Court for direct review expires. Clay v. United States, 537 U.S. 522, 532 (2003).[2]

Before a district court may consider a second or successive habeas petition, a petitioner must obtain a certificate of appealability from the Fourth Circuit. 28 U.S.C. §§ 2255 ¶ 8 & 2244(b)(3). Due to this restriction, a district court must treat a defendant's motion as a successive collateral review application when failing to do so would allow the defendant to escape the operation of 28 U.S.C. § 2255 ¶ 8. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (holding that a Fed. R. Civ. P. 60(b) motion must be considered a second or successive collateral review application under this condition) (citing Calderon v. Thompson, 523 U.S. 538 (1998)).

---

[2] Supreme Court Rules 13.1 and 30.1 determine the relevant calculation of time.

### B. Motions for Reconsideration

A court may construe a motion for reconsideration as a second or successive application for collateral review when the motion advances grounds for relief from the underlying conviction that were not raised in a petitioner's original habeas petition, or if the motion attacks the Court's prior resolution of the merits of the petitioner's original petition. See Winestock 340 F.3d at 207. However, not all motions to reconsider may be so construed: a motion that attacks only the collateral review process is properly made pursuant to Federal Rule of Civil Procedure 60(b) and should be considered on its merits. See id. at 206-07 ("[A] motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.").

### III. Analysis

### A. Petitioner's Requests for Collateral Relief

The Clerk is **REQUESTED** to file Petitioner's June 2005 Letter.

Petitioner's June 2005 letter asks the Court to reconsider his sentence. Petitioner specifically challenges the jury's finding of guilt on Count Three, interstate transportation in aid of racketeering with the intent to commit a crime of violence to further unlawful activity, in violation of 18 U.S.C. §§ 1952 and 2. Petitioner alleges that the United States failed to meet its burden on Count Three. As Petitioner's letter seeks collateral review of his conviction, the Court hereby **CONSTRUES** Petitioner's letter as a successive motion pursuant to 28 U.S.C. § 2255. The Fourth Circuit has not authorized Petitioner to file a successive § 2255; therefore, Court cannot reach the merits of Petitioner's claim and his June 2005 letter is **DISMISSED**.

In January 2006 the Court received Petitioner's Motion for Leave. Doc. 109. The motion requested permission to file a successive § 2255 in light of United States v. Booker, 543 U.S. 220 (2005). However, only the Fourth Circuit can authorize this Court to consider the

merits of a second or successive § 2255. 28 U.S.C. § 2255 ¶ 8. Petitioner's request is therefore **DENIED**.

Petitioner's January 2006 § 2255 seeks collateral review of his sentence under Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). Doc. 108. However, the Fourth Circuit has not authorized Petitioner to file a successive § 2255 and Petitioner's January 2006 § 2255 is **DISMISSED**.[3]

Petitioner is **ADVISED** that to pursue any future motions seeking collateral review of his conviction or sentence under 28 U.S.C. § 2255, he must first petition the United States Court of Appeals for the Fourth Circuit at 1100 East Main Street, Suite 617, Richmond, Virginia, 23219, for a certificate of appealability. See 28 U.S.C. § 2255 ¶ 8.

### B. Petitioner's Rule 35 Motion

Petitioner's motion purportedly made under Federal Rule of Criminal Procedure 35 ("Rule 35") collaterally attacks the sufficiency of the evidence admitted at trial. Doc. 112. Rule 35 provides a sentencing court seven (7) days to correct a sentence that resulted from clear error and allows a court to reduce a defendant's sentence, upon motion by the United States, if the defendant has provided the United States with substantial assistance in investigating or prosecuting another person. Fed. R. Civ. P. 35 (2006). The version of Rule 35 in effect at the time of Petitioner's offense also authorized a court to re-sentence a Defendant upon remand from the court of appeals. Fed. R. Civ. P. 35 (1996); see Doc. 9 (providing the dates of Petitioner's offenses). None of these conditions authorizes the Court to consider Petitioner's present claim

---

[3] Even if the Court were able to reach the merits of Petitioner's January 2006 § 2255 (or of Petitioner's Motion for Leave), the grounds advanced for relief therein are plainly without merit because Blakely and Booker are not retroactively available to federal prisoners on collateral review. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).

8

that the jury convicted him on insufficient evidence. Accordingly, the Court **CONSTRUES** Petitioner's Rule 35 Motion as a successive motion under 28 U.S.C. § 2255. Again, as the Fourth Circuit has not authorized Petitioner to file a successive § 2255, Petitioner's motion (Doc. 112) is **DISMISSED**.

### C. Petitioner's Motions for Reconsideration

#### 1. February 2006 Rule 60(b) Letter & June 2006 Rule 60(b) Motion

Petitioner's October 2003 Rule 60(b) Motion asked the Court to reconsider its prior determination that Petitioner's September 5, 2000, Motion was untimely filed. Doc. 96. On December 11, 2003, the Court construed this motion as a successive § 2255 and dismissed the motion. Doc. 97. Petitioner's February 2006 Rule 60(b) Letter asks the Court to reconsider its December 11, 2003, Order and to consider the merits of Petitioner's October 2003 motion under Rule 60(b). Doc. 110. Petitioner's June 2006 Rule 60(b) Motion more formerly sets forth the same arguments advanced in the February 2006 Letter. Compare Doc. 114 with Doc. 110.

The Court's December 11, 2003, Order did not reach the merits of Petitioner's October 2003 Rule 60(b) Motion, nor did the Court consider the merits of the grounds for relief that Petitioner's September 5, 2000, Motion sought to amend to the original § 2255. See Doc. 97. While Petitioner's September 5, 2000, Motion would have been timely after the Supreme Court decided Clay v. United States, 537 U.S. 522, 532 (2003), the Court noted that the Fourth Circuit had yet to retroactively apply Clay in a published decision. Doc. 97 at 3 n.1 (citing United States v. Quick, 71 Fed. Appx. 975 (4th Cir., Aug. 18, 2003) (unpublished)). The Court therefore dismissed the October 2003 Rule 60(b) Motion as an attempt to evade 28 U.S.C. § 2255 ¶ 8's restrictions on second or successive petitions. See Doc. 97 at 4 (citing Winestock at 206).

Since this Court's December 11, 2003, Order, the Fourth Circuit has retroactively applied

9

Clay in a published decision to determine the timeliness of collateral review applications filed prior to the Clay decision. See United States v. Sosa, 364 F.3d 507, 509 (4th Cir. 2004) (citing Clay to determining the timeliness of a 1999 petition for collateral relief). Accordingly, the Court **GRANTS** Petitioner's February 2006 Rule 60(b) Letter and Petitioner's June 2006 Rule 60(b) Motion (Docs. 110 & 114) and the Court will proceed to reconsider its ruling (Doc. 97) on Petitioner's October 23 Rule 60(b) Motion (Doc. 96).

### 2. October 2003 Rule 60(b) Motion

Petitioner's October 2003 Rule 60(b) Motion argued that his September 5, 2000, Motion was timely and that the grounds for relief advanced in this motion should have been considered on their merits. Doc. 96 at 1. Petitioner alleged a defect in the collateral review process itself; the motion did not advance grounds for relief from the underlying conviction that were not raised in a petitioner's original habeas petition, nor did it attack the Court's prior resolution of the merits of the original § 2255. Cf. Winestock at 207. As the October 2003 Rule 60(b) Motion attacked only the collateral review process, it was properly made pursuant to Federal Rule of Civil Procedure 60(b) and may be considered on its merits. See id. at 206-07 ("[A] motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider."). The Court's prior Order (Doc. 97) that construed the October 2003 motion as an unauthorized and successive § 2255 is hereby **VACATED**.

Petitioner's October 2003 Rule 60(b) Motion is **GRANTED** and the Court will reconsider it's denial of Petitioner's September 5, 2000, motion to amend his § 2255. The Fourth Circuit entered its judgment on direct review on August 11, 1999. Docs. 57-59. Because Petitioner did not petition the Supreme Court on direct review; Petitioner's judgment of conviction became final on November 9, 1999, when the time for petitioning the Supreme Court

for direct review expired. See Clay v. United States, 537 U.S. 522, 532 (2003); Sup. Ct. R. 13.1 & 30.1. As Petitioner had until November 9, 2000, to file a motion under 28 U.S.C. § 2255 ¶ 6(1), Petitioner's September 5, 2000, Motion was timely. The September 5, 2000, Motion was also received before the United States filed an answer to Petitioner's original motion on September 29, 2000, and prior to this Court's denial of the original § 2255 on July 30, 2001. Docs. 66 & 87; see United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) (noting that "courts have typically applied Federal Rule of Civil Procedure 15 to the amendment of a § 2255 motion."); and Fed. R. Civ. P. 15(a) (allowing a party to amend a pleading once as a matter of course before the filing of a responsive pleading).

Upon reconsideration, the Court therefore **GRANTS** Petitioner leave to amend his original § 2255 with the claims set forth in his September 5, 2000, Motion. The Court will now consider the merits of these grounds for relief. Unless "it plainly appears . . . that [Petitioner] is not entitled to relief," the Court will order the United States Attorney to respond to Petitioner's September 5, 2000, claims. Rule 4(b) of the Rules Governing Section 2255 Proceedings.

### IV.  September 5, 2000, Motion

Petitioner's September 5, 2000, Motion is properly construed as a motion to amend. A motion to add additional grounds for collateral relief is a motion to supplement only if the "claim or defense . . . arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Pittman, 209 F.3d at 317 (quoting Fed. R. Civ. P. 15(c)(2)). The Fourth Circuit has defined "occurrence" for the purpose of relation-back in collateral proceedings to exclude claims arising "from separate occurrences of both time and type." Id. at 317-18 (citing United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999)). Petitioner's September 5, 2000, grounds for relief do not address the effectiveness of Petitioner's counsel in

11

allegedly failing to request a jury instruction regarding multiple conspiracies under Count One, which was the sole ground for relief advanced in Petitioner's original § 2255. Compare Doc. 64 with Doc. 60. Because the September 5, 2000, Motion advances new claims "of both time and type," it is properly considered as a motion to amend. Cf. Pittman at 317-18.

### A. Ineffective Assistance of Counsel

Petitioner's September 5, 2000, Motion and his original § 2255 include grounds for relief alleging that his counsel provided constitutionally ineffective assistance. To prevail on an ineffective assistance of counsel claim, Petitioner must satisfy two requirements.

First, Petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Bacon v. Lee, 225 F.3d 470, 478 (4th Cir. 2000) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)). Petitioner's counsel is entitled to a "strong presumption" that a trial counsel's strategy and tactics fall "within the wide range of reasonable professional assistance." United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004) (citing Strickland, 466 U.S. at 689). Petitioner's counsel's errors must have been so egregious that he was not "functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Roane at 404 (citing Strickland at 687). The objectiveness of counsel's assistance is based on counsel's perspective at the time of the alleged error and in light of all of the circumstances, under a "highly deferential" standard. Roane at 404-05 (citing Kimmelman v. Morrison, 477 U.S. 365, 381 (1986); Strickland at 689). Counsel's assistance "is not rendered ineffective because he failed to anticipate a new rule of law." Lenz v. Washington, 444 F.3d 295, 307 (4th Cir. 2006) (quoting Kornahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995)).

Second, Petitioner must demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

12

Bacon at 478 (citing Strickland at 694). In order to do so, Petitioner must show a "probability sufficient to undermine confidence in the outcome." Roane at 405 (citing Strickland at 694). Petitioner's failure to show either of the two requirements renders it unnecessary for the Court to consider both requirements. Roane, 378 F.3d at 404 (citing Williams v. Kelly, 816 F.2d 939, 946-47 (4th Cir. 1987)).

### B. Grounds for Relief Advanced in September 5, 2000, Motion

#### 1. Count Two Challenges

Petitioner advanced several grounds for relief in his September 5, 2000, Motion. Petitioner argued that the jury instructions regarding Count Two of the second superseding indictment were improper. Doc. 64 at 1. Count Two charged Petitioner with murder in furtherance of drug trafficking, in violation of 21 U.S.C. § 848(c)(1)(A). Doc. 9 at 14. Section 848(c)(1)(A) provided, and still provides, that:

> [A]ny person engaging in or working in furtherance of a continuing criminal enterprise ["CCE"], or any person engaging in an offense punishable under section 841(b)(1)(A) of this title or section 960(b)(1) of this title who intentionally kills or counsels, commands, induces, procures, or causes the intentional killing of an individual and such killing results, shall be sentenced to any term of imprisonment, which shall not be less than 20 years, and which may be up to life imprisonment, or may be sentenced to death . . . .

21 U.S.C. § 848(c)(1)(A) (1996 & 2006) (emphasis added). Petitioner argues that a jury must unanimously agree not only that the defendant committed some "continuing series of violations," but also unanimously agree as to which specific "violations" make up the CCE offense. Id. (citing Richardson v. United States, 526 U.S. 813, 824 (1999) (holding that 21 U.S.C. § 848 "requires jury unanimity in respect to each individual 'violation'" that is part of the CCE)). However, Petitioner was charged with murder in furtherance of an offense punishable under 21 U.S.C. § 841(b)(1)(A), for which the definition of a CCE is not relevant. The Court instructed

the jury on January 23, 1998 that:

> In order to find the defendant under consideration guilty of the offense charged in Count Two, the government must prove the following four elements beyond a reasonable doubt:
>
> One. While a member of and engaging in the drug conspiracy charged in Count One;
>
> Two. The defendant under consideration, while engaged in that conspiracy, either intentionally killed the victim or commanded, intended, procured or caused the intentional killing of the victim;
>
> Three. That the death of the victim resulted from such activity of the defendant under consideration; and
>
> Four. The drug conspiracy charged in Count One involved at least fifty (50) grams of cocaine base ("crack").

Jury Instruction No. 26. This instruction was proper. See United States v. Smith, 452 F.3d 323, 335 (4th Cir. 2006) (stating that the "essential conduct elements" of this offense, for venue purposes, "are a drug trafficking offense and an intentional killing."); see also United States v. Glenn, 312 F.3d 58, 69 (2d Cir. 2002) (listing the elements of murder in furtherance of drug trafficking). Petitioner's challenge to the jury instruction on Count Two is therefore plainly without merit and is **DENIED**.

Petitioner further argues that his trial counsel's ineffectiveness "has . . . been shown" by counsel's failure to challenge "the CCE Ruling." Doc. 64 at 8. As Petitioner's challenge to "the CCE Ruling" is frivolous, Petitioner's trial counsel's conduct did not fall below an objective standard of reasonableness for failing to raise such a challenge. Petitioner's ineffective assistance claim relating to Count Two is **DENIED**.

### 2. Apprendi Claims

Petitioner argues that he was sentenced in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), because the jury failed to unanimously agree on the specific individual violations

that made up a CCE. Doc. 64 at 2. This argument is plainly without merit for the reasons stated above, and even if his CCE argument had merit, Petitioner's claim would not be cognizable under Apprendi. Petitioner's direct review ended on November 9, 1999, when Petitioner's time for petitioning the Supreme Court for direct review expired. See Part III.C.2., supra. Apprendi was decided on June 26, 2000. 530 U.S. at 466. Petitioner's Apprendi claims are therefore plainly without merit, as Apprendi is not retroactively available to federal prisoners on collateral review. United States v. Sanders, 247 F.3d 139, 151 (4th Cir. 2001). Petitioner further argues that his trial counsel was constitutionally ineffective for failing to raise an Apprendi argument at Petitioner's sentencing. Doc. 64 at 8. This claim is also plainly without merit, as Petitioner's trial counsel's assistance did not fall below an objective standard of reasonableness for failing to anticipate the Supreme Court's holding in Apprendi. Cf. Kornahrens, 66 F.3d at 1360.

### 3. State Exclusion Claims

Petitioner argues that certain evidence was improperly admitted in his federal prosecution because the same evidence was excluded by a state court. Doc. 64 at 3-7. Petitioner submits a docket report from his state prosecution before the Circuit Court for Prince George's County, Maryland ("Maryland Docket"). Id. On July 3, 1997, the state court granted, in part, a motion to suppress by Petitioner and excluded evidence obtained from Petitioner's vehicle. Maryland Docket at 3. On July 7, 1997, Petitioner changed his plea from not guilty to guilty one count of possession with intent to distribute cocaine. Id. The state court sentenced Petitioner to three (3) years' imprisonment, all but one (1) year suspended, and three (3) years of supervised probation. Id. After Petitioner pled guilty on this count, the remaining counts were nolle prossed. Id. Petitioner further argues that his federal counsel was ineffective for failing to "vigorously object" to the admission of the excluded evidence in his federal trial, and that the United States

15

committed prosecutorial misconduct by failing to disclose that the evidence had been excluded in state court. Doc. 64 at 3-6.

The Court cannot reach the merits of Petitioner's exclusion claim and his prosecutorial misconduct claim. Petitioner was a party to the July 3, 1997, state suppression hearing, yet Petitioner failed to raise these issues on direct appeal. See 1999 WL 507243, at *3-*4. Petitioner's claim that the evidence should have been excluded and his allegation of prosecutorial misconduct are therefore procedurally barred. Cf. Frady at 456 U.S. at 167-68.

Petitioner's procedural default may be excused if he can show that his failure to raise the argument was due to his counsel's constitutionally ineffective assistance. Cf. DeFusco, 949 F.2d at 120-21. The state court's evidentiary ruling, however, did not collaterally estop the federal court's consideration of the evidence. Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." United States v. Ricks, 882 F.2d 885, 889 (4th Cir. 1989) (emphasis in original) (quoting Ashe v. Swenson, 397 U.S. 436, 443 (1970)). Separate criminal prosecutions by different sovereigns do not involve the same parties. Cf. Ricks at 889-90 ("a prosecution by the State of Maryland does not bar reconsideration of a factual issue presented in that case in a subsequent federal prosecution for different offenses," even when the federal and state charges arise from the same incident). An objection to the admission of the evidence in question based on the state court's exclusion of the same evidence would have been insufficient, and counsel's alleged failure to make such an objection did not fall below an objective standard of reasonableness. Petitioner's ineffective assistance claim relating to the state court's exclusion of the evidence is **DENIED**. As Petitioner has not advanced another ground that would excuse his procedural default, cf. Frady, 456 U.S. at 167-68; and

Mikalajunas, 186 F.3d at 494-95, Petitioner's state exclusion claims are **DENIED**.

### 4. Effect on Petitioner's Original § 2255 Claim

Petitioner's original § 2255 motion, filed with the Court on July 19, 2000, raised a single ground for relief. Petitioner alleged that his counsel provided constitutionally ineffective assistance by not requesting a jury instruction concerning the existence of multiple conspiracies under Count One. Doc. 60. Petitioner raised the underlying argument on direct appeal, but the Fourth Circuit held that no plain error occurred:

> Wesley did not request an instruction on multiple conspiracies at trial, and, largely for the reasons we find the evidence sufficient to sustain his convictions, we hold that it was not plain error to omit such an instruction.

1999 WL 507243, at *3 n.*. See id. at *4 (stating the reasons why the Fourth Circuit found the evidence sufficient to support Petitioner's conviction). The Court considered this claim on its merits and held that even if Petitioner's counsel had fallen below an objective standard of reasonableness, the Fourth Circuit's holding precluded the Court from finding that Petitioner was prejudiced by counsel's failure to request such a jury instruction. Doc. 87 at 5-6. The Court therefore denied Petitioner's original § 2255. Id. at 6.

Petitioner's September 5, 2000, Motion does not supplement the original ground for relief in his original § 2255. See Doc. 64. The Court therefore **AFFIRMS** its prior Order (Doc. 87) denying Petitioner's original ground for relief (Doc. 60). As all of the grounds for relief in the original § 2255 and the September 5, 2000, Motion are without merit, Petitioner's original § 2255, as amended, is hereby **DISMISSED**.

### V. Conclusion

The Clerk is **REQUESTED** to file Petitioner's June 2005 letter.

For the reasons stated herein, the Court **CONSTRUES** Petitioner's June 2005 Letter as a

17

successive motion pursuant to 28 U.S.C. § 2255 and **DISMISSES** the motion; Petitioner's Motion for Leave (Doc. 109) is **DENIED**; Petitioner's January 2006 § 2255 (Doc. 108) is **DISMISSED**; and the Court **CONSTRUES** Petitioner's Rule 35 Motion as a successive § 2255 motion and **DISMISSES** the motion (Doc. 112).

Also for the reasons stated herein, the Court **GRANTS** both Petitioner's February 2006 Rule 60(b) Letter (Doc. 110) and Petitioner's June 2006 Rule 60(b) Motion (Doc. 114). The Court's December 11, 2003, Order (Doc. 97) is **VACATED** and Petitioner's October 28, 2003, motion for reconsideration (Doc. 96) is **GRANTED**. Upon reconsideration, the Court **GRANTS** Petitioner's September 5, 2000, Motion to amend his original § 2255 (Doc. 64), **DENIES** the grounds for relief set forth in Petitioner's September 5, 2000, Motion as plainly without merit, and **AFFIRMS** its denial of Petitioner's original § 2255 ground for relief (Doc. 87). Petitioner's § 2255 motion, as amended, is therefore **DISMISSED**.

Petitioner's request that the Court expedite its review is **MOOTED** by entry of this Opinion and Order. Doc. 117. As Petitioner's collateral grounds for relief are plainly without merit, Petitioner's requests for a hearing and for court-appointed counsel are **DENIED**. Id.

Petitioner is **ADVISED** that to pursue any future motions seeking collateral review of his conviction or sentence under 28 U.S.C. § 2255, he must first petition the United States Court of Appeals for the Fourth Circuit at 1100 East Main Street, Suite 617, Richmond, Virginia, 23219, for a certificate of appealability. See 28 U.S.C. § 2255 ¶ 8.

Petitioner is further **ADVISED** that he may appeal this Opinion and Order by forwarding a written Notice of Appeal to the Clerk of the United States District Court, United States Courthouse, 401 Courthouse Square, Alexandria, Virginia, 22314. Said written notice must be received by the Clerk within sixty (60) days from the date of this Opinion and Order. If

Petitioner wishes to proceed in forma pauperis on appeal, Petitioner must apply to proceed in forma pauperis with the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **REQUESTED** to mail a copy of this Opinion and Order to Petitioner and counsel of record for the United States.

It is so **ORDERED**.

/s/
HENRY COKE MORGAN, JR.
UNITED STATES SENIOR DISTRICT JUDGE

Norfolk, Virginia
October 17, 2006