IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION



UNITED STATES of AMERICA

v.  Criminal Case No.: 1:97cr382-2

JOHNNY LEE WESLEY, JR.,

Defendant.

## OPINION and ORDER

This matter is before the Court on Defendant's motion for reconsideration and to re-open the judgment pursuant to FED. R. CRIM. PROC. 52(b) ("Rule 52(b)") and FED. R. CIV. PROC. 60(b) ("Rule 60(b)"). Doc. 122 (Motion filed April 16, 2007). For the reasons that follow, Defendant's motion is **DENIED**.

### I. PROCEDURAL HISTORY[1]

On January 27, 1998, Defendant Johnny Lee Wesley, Jr. ("Defendant" or "Wesley") was convicted of Conspiracy to Distribute Cocaine, Crack Cocaine, and Marijuana, in violation of 21 U.S.C. § 846 (Count 1); Murder in Furtherance of Drug Trafficking, in violation of 21 U.S.C. § 848(e) and 18 U.S.C. § 2 (Count 2); and Interstate Transportation in Aid of Racketeering, in violation of 18 U.S.C. § 1952 and 18 U.S.C. § 2 (Count 3). Docs. 9 (Second Superseding Indictment filed December 18, 1997), 38 (Jury Verdict filed January 27, 1998). On May 8, 1998, Defendant was sentenced to concurrent life sentences on each count. Doc. 47 at 3 (Judgment in a Criminal Case filed June 3, 1998). On July 19, 1999, The United States Court of Appeals for

---

[1] This section does not necessarily include the entire procedural history of this case, but rather indicates those events bearing on the issues presently before the Court.

the Fourth Circuit ("Fourth Circuit") affirmed Defendant's conviction and sentence. Docs. 57-58 (Opinion decided July 19, 1999), 59 (Judgment filed August 11, 1999); United States v. Wesley, No. 98-4425, 1999 U.S. App. LEXIS 16777, *1-13 (4th Cir. July 19, 1999) (per curiam) (unpublished).

On July 19, 2000, Defendant filed a Motion under 28 U.S.C. § 2255 ("§ 2255") and a Memorandum in support. Doc. 60. Defendant also filed a Motion to Reconsider Judgment under FED. R. CIV. PROC. 59(e) and Rule 60(b). Doc. 68 (Motion filed October 19, 2000). The Court denied Defendant's § 2255 motion and motion for reconsideration. Doc. 80 (Order entered July 30, 2001). The Fourth Circuit dismissed Defendant's appeal of the Court's ruling. Docs. 91 (Opinion filed March 11, 2002), 92 (Judgment filed April 30, 2002); United States v. Wesley, 30 Fed. Appx. 215, __ (4th Cir. 2002) (per curiam) (unpublished).

On October 28, 2003, Defendant filed a Motion for Relief from Judgment and Leave to Supplement the Original Petition. Doc. 96. The Court denied Defendant's motion, but recommended the Fourth Circuit grant Defendant leave to file a second or successive § 2255 motion. Doc. 97 at 1 (Order entered December 11, 2003). However, the Fourth Circuit denied Defendant's request to file a second or successive § 2255 motion, and dismissed Defendant's appeal of the Court's December 11, 2003 ruling. Docs. 100, 102-06.

On March 14, 2005, Defendant filed another § 2255 motion, which was dismissed by the Court as successive under 28 U.S.C. § 2255 ¶ 8. Docs. 101 (Motion filed March 14, 2005), 107 (Order entered July 26, 2005). The Fourth Circuit again denied Defendant's motion to file a successive § 2255 motion. Doc. 111 (Order filed February 22, 2006).

On October 17, 2006, the Court denied several motions of Defendant, which asserted various legal theories for relief. Doc. 119 (Order entered October 17, 2006). The Fourth Circuit

dismissed Defendant's appeal of the Court's rulings of October 17, 2006. Docs. 121 (Opinion filed February 28, 2007), 126 (Judgment filed June 14, 2007).

Presently before the Court is Defendant's Motion for Reconsideration and to Re-Open the Court's Final Judgment pursuant to Rule 52(b) and Rule 60(b). Doc. 122.

## II. LEGAL ANALYSIS

Defendant claims, in addition to other less cognizable theories, that the Court should remedy several legal violations, which are noted as follows. First, Defendant asserts the Court "impermissibly delegated judicial authority to 12 citizens on a jury panel" in violation of the separation of powers doctrine. Doc. 122 at 5-7. Second, Defendant argues the actions of the Grand Jury members involving his case also amounted to a separation of powers transgression. Doc. 122 at 8-9. Third, Defendant concludes "the U.S. Sentencing Guideline Manuals had swayed federal judges to execute the law in bad faith and subjected federal prisoners to cruel and unusual punishment, by imposing a prisoner sentence beyond statutory laws." Doc. 122 at 10 (emphasis and quotations omitted). Fourth, Defendant states, "a judge cannot resurrect a prior conviction for sentencing enhancement penalties, when the [] person has not been charged with life on parole." Doc. 122 at 10. Fifth, Defendant engages in an extensive discussion of "other acts evidence . . . under Rule 403" and other legal principles, but fails to indicate any error committed in his case in that regard. Doc. 122 at 12-14. Sixth, Defendant asserts his trial attorney was defective in failing "to move the district court to dismiss the indictment on tainted grounds . . . [and failing] to move for a judgment of acquittal on all charges, mainly when the Government had prosecuted a defendant on a sham statute." Doc. 122 at 15 (emphasis and quotations omitted). Seventh, Defendant lays forth a general statement and complaint of the

judicial process. Doc. 122 at 15-17. Defendant concludes by requesting the Court to "release the petitioner immediately from the Bureau of Prisons unlawful confinement," and states, "The needle point both ways!" Doc. 122 at 17. Defendant cites no facts in the record for any proposition he asserts regarding any error allegedly made in his case. Doc. 122.

Having considered the arguments and assertions of Defendant, the Court **FINDS** each to be without merit and legal or factual substantiation. Additionally, under FED. R. CIV. PROC. 60(b)(3), which requires a showing of "fraud, misrepresentation, or other misconduct of an adverse party," the Court concludes Defendant has not asserted one factually supported allegation of fraud committed by either the Court or the Government. Defendant has also not made a sufficient showing under any other basis for granting a Rule 60(b) motion. FED. R. CIV. PROC. 60(b). Moreover, Defendant's Rule 60(b) motion is neither made within a reasonable time nor within one year from entry of the judgment in his case. FED. R. CIV. PROC. 60(b); See Docket No. 1:97cr382-2; Doc. 47.

Under Rule 52(b), Defendant has cited no "plain error" in the record "that affects [his] substantial rights." Neither has he shown that such error "seriously affect[ed] the fairness, integrity, or public reputation of [the] judicial proceedings." United States v. Cotton, 535 U.S. 625, 632-33 (2002) (citation omitted); United States v. Benitez, 542 U.S. 74, 76, 81-85 (2004). In fact, Defendant has not controverted any of the trial evidence to show such an effect. Cotton, 535 U.S. at 633-34 (citation omitted); Benitez, 542 U.S. at 76, 81-85.

Accordingly, Defendant's motion is **DENIED**. The Court further notes that if this motion is properly construed as a motion under § 2255, the motion is **DENIED** and **DISMISSED** as a successive § 2255 motion which has not been properly certified. 28 U.S.C. § 2255 ¶ 8; See Docket No. 1:97cr382-2; Docs. 60, 101.

III. Conclusion

For the foregoing reasons, Defendant's motion is **DENIED**.

Defendant is **ADVISED** that he may appeal this Opinion and Order by forwarding a written notice of appeal to the Clerk, United States District Court, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Opinion and Order. If Petitioner wishes to proceed in forma pauperis on appeal, the application to proceed in forma pauperis is to be submitted to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **REQUESTED** to mail a copy of this Opinion and Order to Counsel of Record for the United States, and the Defendant.

It is so **ORDERED**.

_Henry Coke Morgan_
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 23 2007