IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JOHNNY LEE WESLEY

Petitioner,

v.

Criminal No. 1:97cr382-2

UNITED STATES OF AMERICA,

Respondent.

## OPINION & ORDER

This matter is before the Court upon Petitioner Johnny Lee Wesley's ("Petitioner") Petition for a Writ of Error Coram Nobis, Doc. 163 ("Coram Nobis Motion"), and his Motion to Vacate Under 28 U.S.C. § 2255, Doc. 169 ("Section 2255 Motion"). The Court also collaterally addresses Petitioner's Application to Proceed without Prepayment of Fees, Doc. 162 ("Fee Application"), and Motion for Leave to Supplement, Doc. 172. Based on the following reasoning, Petitioner's Motion to Supplement is **GRANTED** so his additional case citation might be considered in the preparation of this Order, his Fee Application is **DENIED** as moot, his Coram Nobis Motion is **DENIED**, and his Section 2255 Motion is **DISMISSED** as successive.

### I. PROCEDURAL HISTORY[1]

On January 27, 1998, Petitioner was convicted on the following three counts: (1) conspiracy to distribute and to possess with intent to distribute fifty (50) grams or more of crack cocaine, cocaine, and marijuana; (2) murder in furtherance of drug trafficking and aiding and abetting; and (3) interstate transportation in aid of racketeering with the intent to commit robbery

---

[1] Due to the length of the procedural history, the Court includes here only that information relevant to the pending Motions.

and murder and aiding and abetting. Doc. 38. On May 8, 1998, Petitioner was sentenced to concurrent terms of life imprisonment on each count. Doc. 47. Petitioner was also ordered to pay, jointly and severally with his co-defendant, one hundred thousand dollars ($100,000.00) in restitution to the murder victim's three (3) children. Id. The United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and sentence on July 19, 1999, and entered its judgment on August 11, 1999. Docs. 57–59; United States v. Wesley, 187 F.3d 633, 1999 WL 507243 (4th Cir. July 19, 1999) (unpublished). Petitioner did not petition the Supreme Court of the United States for a writ of certiorari on direct review. Since his conviction, Petitioner has filed numerous motions seeking relief from his conviction and sentence, including numerous motions under 28 U.S.C. § 2255. See, e.g., Docs. 60, 96, 101, 109, 118, 135 & 147. Petitioner has since filed an additional Section 2255 Motion, on August 26, 2014, that is addressed by the instant Order. Doc. 169.

Petitioner filed the instant Coram Nobis Motion on December 26, 2012, Doc. 163, accompanied by an Application to Proceed without Prepayment of Fees, Doc. 162. On April 28, 2014, Petitioner filed a Motion for Leave to Supplement Petition for a Writ of Coram Nobis with New Authority. Doc. 166. The Court granted this request on May 8, 2014. Doc. 167. The brief was filed on May 22, 2014. Doc. 168. The Court entered a Notice & Order on September 24, 2014, informing Petitioner of its intent to construe the Coram Nobis Motion as a successive Section 2255 Motion. Doc. 170. Petitioner responded on October 16, 2014, objecting to the construal. Doc. 171. Accordingly, the Court will address the Coram Nobis Motion as it was originally filed. Petitioner then filed a Motion to Supplement his Response to the Notice & Order on October 24, 2014, seeking leave for the Court to consider one additional case. Doc. 172.

## II. LEGAL STANDARD

### A. Coram Nobis Motion

District courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C.A. § 1651. Specifically, the modern writ of error coram nobis is "available in criminal cases whether the error was in fact or law, but applied only to that very small number of legal questions which concerned the regularity of the proceeding itself." United States v. Sawyer, 239 F.3d 31, 37 (1st Cir. 2001) (quoting United States v. Mayer, 235 U.S. 55, 68 (1914)). "[C]oram nobis is an extraordinary remedy, used only when the errors are of the most fundamental character, such as to render the underlying criminal proceeding irregular and invalid." United States v. Allegheny Bottling Co., 854 F. Supp. 430, 434 (E.D. Va. 1994).

Due to its extreme nature, the writ will not be granted if any other remedy is available to the petitioner. United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988). Accordingly, the writ can only serve "as an alternative to relief under 28 U.S.C. § 2255 when the defendant is no longer, or never was, 'in custody' as required by that section." Allegheny Bottling Co., 854 F. Supp. at 434 (citing United States v. Morgan, 346 U.S. 502, 511 (1954)).

### B. Section 2255 Motion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") created a gate-keeping function for federal district courts presented with "second or successive" petitions for collateral review of criminal sentences. See In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999). Indeed, "[b]efore filing such a petition in the district court, the applicant must obtain leave to do so from the court of appeals." In re Williams, 444 F.3d 233, 235 (4th Cir. 2006). Consequently,

"[i]n the absence of pre-filing authorization, the district court lacks jurisdiction to consider a [successive] application." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Nevertheless, "it is settled law that not every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." Williams, 444 F.3d at 235; see also Panetti v. Quarterman, 551 U.S. 930, 944 (2007) ("The Court has declined to interpret 'second or successive' as referring to all . . . applications filed second or successively in time, even when the later filings address a . . . judgment already challenged in a prior . . . application."). Instead, where "the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive." Leal Garcia v. Quarterman, 573 F.3d 214, 222 (5th Cir. 2009); see also Panetti, 551 U.S. at 947 ("We are hesitant to construe [§ 2244], implemented to further the principles of comity, finality, and federalism, in a manner that would require unripe (and, often, factually unsupported) claims to be raised as a mere formality, to the benefit of no party."); In re Taylor, 171 F.3d 185, 187–88 (4th Cir. 1999) (holding that petitioner's § 2255 motion was not "second or successive" because petitioner "expressly seeks to raise only those issues that originated at the time of his resentencing, after his first § 2255 petition had been granted").

But, a numerically second petition based on newly discovered evidence or on a new rule of constitutional law must be considered "second or successive" because any other holding would "permit an end-run" around Section 2255's requirement that such claims first be certified by the court of appeals. See 28 U.S.C. § 2255(h); Leal Garcia, 573 F.3d at 221 (holding that § 2244 "prohibits" any rule that would allow a petition based on either a new rule of constitutional law or newly discovered evidence to be considered "non-successive"). "In essence, if the purported

4

defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not." Leal Garcia, 57 F.3d at 222.

### III. ANALYSIS

#### A. Coram Nobis Motion

Petitioner, by and through his Coram Nobis Motion, seeks an alternative to traditional habeas relief as a means of side-stepping "the gatekeeping provisions of 28 U.S.C. § 2244." Doc. 168 at 1. This fact is both explicitly stated in his Brief in Support of his Coram Nobis Motion as well as implicitly so based upon the cases that he cites as support. See id. at 1–2 (citing Mandel, 862 F.2d at 1075); Doc. 172 at 1 (citing Bruce v. Ebert, 748 F. Supp. 2d 569 (W.D. Va. 2010)).

Contrary to Petitioner's argument, however, each of these cases is distinguishable from the current one because traditional relief was truly unavailable to those petitioners. In Bruce, the district court did not have authority to grant relief under 28 U.S.C. § 2241 because the named respondent was beyond its geographical jurisdiction. Bruce, 748 F. Supp. 2d at 575. In Mandel, the petitioners had already fully served their sentence and been released from custody before filing for the writ of coram nobis as a last resort. Mandel, 862 F.2d at 1074–75. Neither case undermines the widely held proposition that when the writ of error coram nobis is sought for the purpose of vacating a conviction "as an alternative to relief under 28 U.S.C. § 2255" it is only available when Section 2255 is for some reason inapplicable to the petitioner's situation. See Allegheny Bottling Co., 854 F. Supp. at 434.

Here, Section 2255 is not inapplicable to the facts of Petitioner's case; he has merely exhausted his immediate access to such relief before this Court through the filing of previous motions. In fact, Petitioner even maintains some access to traditional habeas relief through the

5

ability to file a request under 28 U.S.C. § 2244 for approval to file a successive motion from the Fourth Circuit. Therefore, since Petitioner still has traditional remedies available with which to pursue vacating his sentence, the extraordinary remedy of a writ of error coram nobis will not be issued by this Court.

**B. Section 2255 Motion**

Petitioner has filed many motions to vacate under Section 2255. See supra Part I. Therefore, the instant Section 2255 Motion must be considered "second or successive" unless Petitioner's claims had not yet ripened by the time of his prior petition. See Leal Garcia, 57 F.3d at 222.

In his Motion, Petitioner asserts five claims of error, see Doc. 169 at 2–3, none of which were unripe at the time of his prior Section 2255 petitions. In fact, each relies on actions taken by the Court or counsel at or surrounding the time of his trial and were readily and immediately cognizable. The mere fact that the case law upon which he now relies had not yet been decided does not allow him to escape the express gate-keeping requirements of Section 2255. Accordingly, the Court **FINDS** that Petitioner's Section 2255 Motion is "second or successive."

As Petitioner's Motion is a "second or successive" petition, authorization of the Fourth Circuit is required before Petitioner may file it with this Court. 28 U.S.C. § 2255(h). No such authorization has been given. Thus, the Court is without jurisdiction to consider the merits of Petitioner's claim, see Winestock, 340 F.3d at 205, and his Motion is **DISMISSED**.

### IV. CONCLUSION

For the foregoing reasons, Petitioner's Coram Nobis Motion, Doc. 163, is **DENIED** and Petitioner's Section 2255 Motion, Doc. 169, is **DISMISSED**. Accordingly, Petitioner's Fee

6

Application, Doc. 162, is **DENIED** as moot. Petitioner's Motion for Leave to Supplement, Doc. 172, however, is **GRANTED** and the case provided therein by Petitioner was considered in the issuance of this Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural issue, a certificate of appealability is **DENIED** as to Petitioner's Section 2255 Motion.

Petitioner is **ADVISED** that he may appeal this Order by forwarding a written notice of appeal to the Clerk, United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within fourteen (14) days from the date of this Order and sixty (60) days from that date for appeal relating to Petitioner's Section 2255 Motion. To proceed in forma pauperis on appeal, Petitioner must submit an application to proceed in forma pauperis to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **REQUESTED** to mail a copy of this Order to Petitioner and to counsel of record for the United States.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 29, 2014