

FILED
FEB 24 2016
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

JOHNNY LEE WESLEY,

    Petitioner,

v.                                                 Crim. Action No. 1:97cr382

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

This matter comes before the Court on pro se Petitioner Johnny Lee Wesley's ("Petitioner") Motion to Reduce Sentence ("Motion"), Doc. 202. In the Motion, Petitioner asks for a new trial or a reduced sentence based on Montgomery v. Louisiana, 577 U.S. ___ (2016). In Montgomery, the Supreme Court of the United States held that prohibition on mandatory life without parole for juvenile offenders represented a new substantive rule announced in Miller v. Alabama, 132 S. Ct. 2455 (2012), and that, therefore, the prohibition is retroactive. Id. For the reasons stated herein, the Motion is **DENIED**.

### I.    FACTUAL AND PROCEDURAL HISTORY[1]

On January 27, 1998, a jury found Petitioner guilty on three counts: (1) conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of crack cocaine, in violation of 21 U.S.C. § 846; (2) murder in furtherance of drug trafficking, in violation of 21 U.S.C. § 848(e)(1)(A); and (3) interstate transportation in aid of racketeering, in violation of 18 U.S.C. § 1952. Docs. 38, 47. The Court subsequently sentenced Petitioner to three concurrent life sentences of imprisonment and a term of five (5) years supervised release. Doc. 47. The murder of which petitioner was convicted occurred on January 9, 1997. See, e.g., Doc. 195 at 4.

---

[1] Due to the length of the procedural history, the Court includes here only what is relevant to the pending Motion.

The Court of Appeals for the Fourth Circuit affirmed Petitioner's convictions and sentence on July 19, 1999 and entered its judgment on August 11, 1999. Docs. 57–59; United States v. Wesley, 187 F.3d 633, 1999 WL 507243 (4th Cir. July 19, 1999) (unpublished). Petitioner did not petition the Supreme Court for a writ of certiorari on direct review. Since his conviction, Petitioner has filed numerous motions seeking relief from his conviction and sentence, including numerous motions under 28 U.S.C. 2255. See, e.g., Docs. 60, 96, 101, 109, 118, 135, 147, and 169. Petitioner filed the instant Motion on January 29, 2016, seeking relief under Miller v. Alabama, 132 S.Ct. 2455, and Montgomery v. Louisiana, 577 U.S. ___ (2016).

## II. ANALYSIS

The prohibition against mandatory life imprisonment for juvenile offenders affords Petitioner no relief. In Miller v. Alabama, the Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." 132 S.Ct. at 2469. The Supreme Court recently held on January 25, 2016 that this prohibition applies retroactively. See Montgomery v. Louisiana, 577 U.S. ___ (2016). The word "juvenile" refers to someone under the age of eighteen (18). In Miller, the Court wrote that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 132 S. Ct. at 2460. Additionally, in Roper v. Simmons, the Supreme Court noted that "drawing the line at 18 years of age is subject, of course, to the objections always raised against categorical rules," but the Court nonetheless drew a bright line at age eighteen in that case. 543 U.S. 551, 574 (2005). When faced with defendants who committed crimes between ages eighteen (18) and twenty two (22), the United States District Court for the Southern District of New York refused to extend Miller to defendants over eighteen, despite the defendants' argument that "like juveniles, persons

2

between ages 18 and 22 are 'well within a period of time of great change in the parts of the brain associated with risk assessment, impulse control, and emotional regulation.'" United States v. Lopez-Cabrera, No. s5 11cr.1032, 2015 WL 3880502, at *1–3 (S.D.N.Y June 23, 2015). The Fourth Circuit has also refused to extend Miller to defendants eighteen years old or older. See United States v. Dock, 541 Fed. Appx. 242, 245 (2013) (noting that because the defendant was twenty years old at the time of his sentencing, Miller "is of no help" to him).

Although Petitioner argues that he was a teenager at the time of his offense and that "studies and data has come out proving young male's brains don't fully develop until they are in their 20's and those who committed crimes as a youth are likely to not commit those crimes again," Doc. 202, he does not qualify for relief under Miller, just as the defendants in Lopez-Cabrera did not qualify for relief. Petitioner was born on May 2, 1977, and he was convicted of committing a murder that occurred on January 9, 1997. See, e.g., Wesley, 1999 WL 507243, at *2–3. Therefore, Petitioner was nineteen (19) years old at the time of the murder. Thus, Petitioner was not a juvenile at the time of his offense, and the Court must **DENY** the Motion.

### III. CONCLUSION

For the aforementioned reasons, the Court **DENIES** Petitioner's Motion, Doc. 202. Petitioner is **ADVISED** that he may appeal this order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice of appeal must be received by the Clerk within sixty (60) days from the date of this Order. To proceed in forma pauperis on appeal, Petitioner must submit an application to proceed in forma pauperis to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **REQUESTED** to send a copy of this order to Petitioner and to all counsel of record, and to the United States Attorney.

It is so **ORDERED.**

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 23, 2016

4