IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| JOHNNY LEE WESLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:97-CR-00382-HCM |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Hon. Henry C. Morgan, Jr. |
| | ) | |
| Respondent. | ) | |

**RESPONSE AND OPPOSITION TO MOTION FOR RELIEF FROM JUDGMENT OR, IN THE ALTERNATIVE, INDEPENDENT ACTION**

The United States of America, by and through undersigned counsel, hereby files its response and opposition to the petitioner's "Motion for Relief from Judgment or, in the Alternative, Independent Action, Pursuant to Fed. R. Civ. P. 60(b)(4)-(6) & (d)." The petitioner argues that the Court failed to allow him to supplement his original motion for relief under 28 U.S.C. § 2255 with arguments not contained in his motion to amend when it granted that motion to amend on October 17, 2006. Because the instant motion is untimely, fails to state a cognizable claim under Rule 60(b) or for an independent action, and generally fails to demonstrate that the petitioner is entitled to an additional opportunity to supplement his original § 2255 motion, the United States respectfully asks the Court to dismiss the motion.

BACKGROUND

1. On January 27, 1998, the petitioner was convicted after trial of: (1) conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846; (2) murder in furtherance of drug trafficking, in violation of 21 U.S.C. §

1

848(e)(1)(A); and (3) interstate transportation in aid of racketeering, in violation of 18 U.S.C. § 1952. See ECF No. 38.

2. On May 8, 1998, the Court sentenced the petitioner to a life term of imprisonment on each of the three counts, with the sentences to run concurrently. See Minute Entry (May 8, 1998).

3. The petitioner appealed, and on July 19, 1999, the Fourth Circuit affirmed his conviction. See United States v. Wesley, No. 98-4425, No. 98-4426, 1999 U.S. App. LEXIS 16777 (4th Cir. July 19, 1999).

4. On July 19, 2000, the petitioner filed a motion for relief under 28 U.S.C. § 2255, arguing "ineffective assistance of counsel for failure to request a single versus multiple conspiracy jury instruction." ECF No. 60, Mem. at 1.

5. On September 5, 2000, the petitioner filed a "Motion to add supplemental brief in support of 28 U.S.C. § 2255 and Memorandum of Law in support of 28 U.S.C. § 2255." ECF No. 64. The petitioner's supplemental memorandum argued: (1) that "the Court erred in not instructing the jury that it must unanimously agree on which of at least three acts constituted the 'series of violations' that make up that continuing series" for purposes of a continuing criminal enterprise, id. at 1; (2) that "the government was able to obtain the upward departure for relevant conduct," contrary to Apprendi v. New Jersey, 530 U.S. 466 (2000), id. at 2; and (3) that "the prosecution violated the petitioner's due process rights by introducing at his trial evidence that was illegally obtained by Maryland State Authorities," id. at 3. The petitioner's motion and memorandum do not seek leave to supplement his § 2255 motion with arguments that are not contained therein. See id.

6. On October 2, 2000, the Court construed the petitioner's motion to add a

supplemental brief as a motion to amend and denied the motion as futile. See ECF No. 80.

7. On October 19, 2000, the petitioner moved for reconsideration of the order denying his motion to amend. ECF No. 68.

8. On July 30, 2001, the Court denied both the petitioner's motion for reconsideration and his motion for relief under 18 U.S.C. § 2255. See ECF No. 87. In denying the motion for reconsideration, the Court again found that the petitioner's proposed amendments "would be futile in that such claims would not be cognizable on collateral review." Id. at 3.

9. On October 9, 2001, the petitioner filed a notice of appeal. ECF No. 89. The Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal. United States v. Wesley, 30 F. App'x 215 (4th Cir. 2002).

10. On October 28, 2003, the petitioner filed a motion under Rule 60(b)(6) of the Federal Rules of Criminal Procedure, entitled "Petitioner's Motion for Relief from Judgment and Leave to Supplement the Original Petition," arguing that under Clay v. United States, 537 U.S. 522 (2003), "the district court erred by dismissing such amendment [to his motion for relief under 28 U.S.C. § 2255] as a successive petition since petitioner's motion was within the parameters of the one-year limitation and timely." ECF No. 96 at 7.

11. On December 11, 2003, the Court agreed that the petitioner's motion to amend was timely under Clay, but concluded that it was "procedurally constrained from ruling on this or the underlying motion" because, under United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003), "district courts must treat Rule 60(b) motions as successive collateral review applications." ECF No. 97 at 4. Accordingly, the Court denied the Rule 60(b)(6) motion, but recommended that the Fourth Circuit grant leave for the petitioner to file a successive motion pursuant to 28 U.S.C. § 2255. Id.

12. On October 15, 2004, the petitioner appealed the Court's denial of his motion to amend, arguing that his motion "was indeed timely filed in light of the March 4, 2003 Supreme Court decision in Clay v. [United States]." ECF No. 99 at 1. The Fourth Circuit subsequently dismissed his appeal for lack of jurisdiction, finding that the petitioner failed to file a timely notice of appeal. United States v. Wesley, 124 F. App'x 777 (4th Cir. 2005).

13. On February 10, 2006 and June 14, 2006, the petitioner filed motions under Rule 60(b) of the Federal Rules of Civil Procedure, asking the Court to reconsider its order dated December 11, 2003, denying his prior Rule 60(b) motion. ECF No. 110, 114.

14. On October 17, 2006, the Court granted the petitioner's February 10, 2006 and June 14, 2006 Rule 60(b) motions, vacated its December 11, 2003 order, granted the petitioner's October 28, 2003 Rule 60(b) motion, and reconsidered its denial of the petitioner's September 5, 2000 motion to amend. ECF No. 119. The Court granted the petitioner "leave to amend his original § 2255 with the claims set forth in his September 5, 2000 Motion." Id. at 11. The Court then assessed the merits of each argument in the petitioner's September 5, 2000 motion, concluded that each one lacked merit, and dismissed the petitioner's amended motion for relief under 28 U.S.C. § 2255. Id. at 13-17.

15. On November 24, 2006, the petitioner appealed the Court's order issued on October 17, 2006. The Fourth Circuit reviewed the record and concluded that the petitioner failed to make a "substantial showing of the denial of a constitutional right." United States v. Wesley, 218 F. App'x 287, 287 (4th Cir. 2007). Accordingly, the Court declined to issue a certificate of appealability and dismissed the appeal. Id.

16. On November 5, 2018, the petitioner filed a "Motion for Relief from Judgment or, in the Alternative, Independent Action, Pursuant to Fed. R. Civ. P. 60(b)(4)-(6) & (d)." ECF No.

230. The petitioner argued that in granting his motion to amend on October 17, 2006, the Court failed to afford him the opportunity to fully or fairly raise additional claims in his original motion for relief under 28 U.S.C. § 2255, which he filed on July 19, 2000. Specifically, the petitioner argues that "in granting Movant's supplemental motion to amend, the Court failed to acknowledge Movant's express requests to enlarge the then improperly denied motion, in order to afford Movant the opportunity to incorporate additional issues Movant wished to raise in his original §2255 motion, particularly, while he still had time (21 days) in which to do so." ECF No. 230 at 3.

17.     On October 9, 2019, the Court ordered the United States to respond to the petitioner's November 5, 2018 motion. ECF No. 235.

## STANDARD

A.     Rule 60(b) of the Federal Rules of Civil Procedure

The remedy provided by Rule 60(b) of the Federal Rules of Civil Procedure "is extraordinary and is only to be invoked upon a showing of exceptional circumstances." Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979) (citations omitted). As an initial matter, "before a party may seek relief under Rule 60(b), a party first must show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" Dowell v. State Farm Fire & Casualty Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation omitted).

After making the required initial showing, a petitioner under Rule 60(b) "then must satisfy one of the six specific sections of Rule 60(b)." Id. Rule 60(b) provides that a party may obtain relief from a final judgment, order, or proceeding for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable

diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." A party moving for relief under the rule "must clearly establish the grounds therefor to the satisfaction of the district court and such grounds must be clearly substantiated by adequate proof." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) (citations and internal quotations omitted).

B.    Rule 60(d) of the Federal Rules of Civil Procedure

Rule 60(d) of the Federal Rules of Civil Procedure provides: "This rule does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or (3) set aside a judgment for fraud on the court." To sustain an independent action in equity, the petitioner must establish five factors: "(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any adequate remedy at law." Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, 675 F.2d 1349, 1358 (4th Cir. 1982); see also Asterbadi v. Leitess, 176 F. App'x 426, 430 (4th Cir. 2006).

DISCUSSION

A.     The petitioner's Rule 60(b) motion is not timely.

The petitioner's Rule 60(b) motion must be denied because he failed to raise it within a reasonable amount of time. Rule 60(c)(1) provides: "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." The petitioner bears the burden of showing timeliness. Moses v. Joyner, 815 F.3d 163, 166 (4th Cir. 2016) ("[T]he movant bears the burden of showing timeliness.") (citation omitted).

The Fourth Circuit has previously found that a nearly two-and-a-half year delay in filing a Rule 60(b) motion in a criminal case "would be inordinate under any circumstances." Moses, 815 F.3d at 166. In so finding, the Fourth Circuit explained: "Were we to reverse the district court's ruling here as an abuse of discretion and accept as timely a motion filed two-and-a-half years after the appellant knew or should have known the basis for his 60(b) claim, the 'reasonable time' limitation in Rule 60(c)(1) would quickly lose all meaning. Movants would be free to re-litigate matters years after their judgments had become final and years after every subsequent change in law that even arguably brought relief." Id. at 167.

Here, the petitioner sought relief under Rule 60(b) more than 12 years after the Court entered the order at issue, and he has provided no rationale or explanation justifying such a delay. Under the Fourth Circuit's reasoning in Moses, the petitioner has not, and indeed cannot, meet his burden of establishing that he filed his motion "within a reasonable amount of time." Accordingly, the motion should be dismissed. See, e.g., Morley v. Clarke, No. 2:15-CV-134-MSD, 2019 U.S. Dist. LEXIS 28787, at *3-4 (E.D. Va. Feb. 22, 2019) ("Here, the Petitioner waited for over two years after this Court's final order and approximately 18 months after the

Fourth Circuit's denial of a certificate of appealability, which is not reasonable. His motion is therefore DISMISSED as untimely pursuant to Rule 60(c).") (footnote and citations omitted); United States v. Peters, No. 3:08-CR-186-REP, 2018 U.S. Dist. LEXIS 188335, at *5 (E.D. Va. Nov. 1, 2018) ("Peters's Rule 60(b) Motion, filed more than two years after the entry of the challenged judgment, was not filed in a reasonable time.") (citations omitted); United States v. Walker, No. 2:93-CR-84-AWA, 2017 U.S. Dist. LEXIS 203603, at *5 (E.D. Va. Oct. 16, 2017) ("Mr. Walker has not put forth any evidence that this Motion is timely or that the delay of over twenty-one years can be construed as reasonable. Accordingly, this Court finds this Motion untimely."); Williams v. United States, No. 2:90-CR-149-RGD, 2014 U.S. Dist. LEXIS 200635, at *7 (E.D. Va. Sep. 16, 2014) ("Because Petitioner fails to establish a legitimate reason for his delay, and no such reason is apparent from the nature of either this claim or his § 2255 claim, the Court holds that Plaintiff's ten-month delay is unreasonable for Petitioner's 60(b)(1) and 60(b)(6) claims.") (citation omitted).

B.    The Court's October 17, 2006 order was not "void," and thus the petitioner's motion fails under Rule 60(b)(4).

The petitioner failed to state a cognizable claim under Rule 60(b)(4) of the Federal Rules of Civil Procedure. Rule 60(b)(4) provides for relief if "the judgment is void." "A judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Schwartz v. United States, 976 F.2d 213, 217 (4th Cir. 1992) (quoting 11 Wright and Miller, Federal Practice and Procedure: Civil § 2862 at 198-200 (1973)); see also Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). Courts must "narrowly construe the concept of a 'void' order under Rule 60(b)(4) precisely because of the threat to

finality of judgments and the risk that litigants … will use Rule 60(b)(4) to circumvent an appeal process they elected not to follow." Wendt v. Leonard, 431 F.3d 410, 412 (4th Cir. 2005); see also Williams, 2014 U.S. Dist. LEXIS 200635, at *8-9 (same).

Here, the petitioner argues that the Court "did not afford Movant the opportunity to fully or fairly raise additional claims not raised in the original §2255 motion or motion to amend." ECF No. 230 at 3. The petitioner does not allege that the Court lacked jurisdiction, violated due process, or that its order was otherwise "void." Accordingly, the petitioner's motion fails under Rule 60(b)(4).

C. <u>The Court's October 17, 2006 order was not premised on a prior judgment that was reversed or otherwise vacated, so the petitioner's motion fails to state a claim under Rule 60(b)(5).</u>

In relevant part, Rule 60(b)(5) of the Federal Rules of Civil Procedure provides for relief from an order if "it is based on an earlier judgment that has been reversed or vacated." The Fourth Circuit has explained that "[t]he application of this clause has been 'limited to cases in which the present judgment is based on the prior judgment in the sense of res judicata or collateral estoppel.'" Schwartz, 976 F.2d at 217 (quoting 11 Wright and Miller, Federal Practice and Procedure: Civil § 2863 at 204 (1973)). A subsequent change in the law does not provide a basis for vacating an order under Rule 60(b)(5). See Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) ("As correctly noted by the district court, merely such a decisional change in the law subsequent to the issuance of a final judgment, especially, as here, where the earlier judgment is neither res judicata nor provides collateral estoppel, does not provide a sufficient basis for vacating the judgment under Rule 60(b)(5).") (citation omitted).

In this case, the Court's October 17, 2006 order was not premised on res judicata or collateral estoppel. Moreover, in ruling on the petitioner's February 2006 and June 2006 Rule

60(b) motions, the Court expressly considered and applied the Supreme Court's decision in Clay v. United States, 537 U.S. 522 (2003), and the Fourth Circuit's decision in United States v. Sosa, 364 F.3d 507 (4th Cir. 2004), and did not rely upon any case that has been reversed or otherwise vacated. See ECF No. 119 at 9-10. Accordingly, the petitioner has failed to state a claim under Rule 60(b)(5).

D.     The petitioner's motion fails to present extraordinary circumstances, and thus it fails under Rule 60(b)(6).

The petitioner's motion under Rule 60(b)(6) of the Federal Rules of Civil Procedures should be dismissed because it fails to present extraordinary circumstances. Rule 60(b)(6) creates a catch-all provision that allows a court to relieve a party from a final order for "any other reason that justifies relief." However, "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." Agostini v. Felton, 521 U.S. 203, 239 (1997) (citation omitted); see also Dowell, 993 F.2d at 48 ("First, as under Rule 60(b)(5), such a change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6).") (citation omitted). For example, in Moses, the Fourth Circuit ruled that a "motion for relief invoking the change in procedural default rules occasioned by Martinez falls well short of 'extraordinary.'" Moses, 815 F.3d at 168. Moreover, "if the reason asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment, [courts] have denied the motion as merely an inappropriate substitute for an appeal." Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011) (citations omitted); see also Dowell, 993 F.2d at 48.

In this case, the petitioner now argues that he was entitled to an additional opportunity to amend his original § 2255 motion – above and beyond the supplemental arguments actually

contained in his September 5, 2000 motion to amend – when the Court granted that motion to amend in 2006. See ECF No. 230 at 3. Even if the petitioner's argument had merit, it would not constitute "extraordinary circumstances" warranting relief under Rule 60(b)(6), and it could have been addressed on appeal. Accordingly, the petitioner's motion under Rule 60(b)(6) must be dismissed. See, e.g., Moses, 815 F.3d at 168 ("As the word 'extraordinary' suggests, 'not every interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases long since final.' … The prospect of having the open-ended language of Rule 60(b)(6) supplant the specific habeas constraints in AEDPA … led the Gonzalez Court to this conclusion: The 'extraordinary circumstances' required for relief under 60(b)(6) would 'rarely occur in the habeas context.'") (quoting Gonzalez v. Crosby, 545 U.S. 524 (2005)).

E.   The petitioner fails to state a claim for an independent cause of action in equity.

As noted above, to sustain an independent action in equity, the petitioner must establish five factors: "(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any adequate remedy at law." Great Coastal Express, 675 F.2d at 1358.

Among other shortcomings, the petitioner has failed to demonstrate that the order in question should not be enforced, nor has he identified any fraud, accident, or mistake that would entitle him to relief. First, the Court's October 17, 2006 order was correctly decided and should be enforced. The Court granted the petitioner "leave to amend his original § 2255 with the claims set forth in his September 5, 2000 Motion," ECF No. 119 at 11, and then considered the merits of the additional arguments outlined in that motion, see id. at 13-17. The petitioner now

argues that "in granting Movant's supplemental motion to amend, the Court failed to acknowledge Movant's express requests to enlarge the then improperly denied motion, in order to afford Movant the opportunity to incorporate additional issues Movant wished to raise in his original §2255 motion, particularly, while he still had time (21 days) in which to do so." ECF No. 230 at 3. The petitioner thus argues that he is now – more than 18 years later – not limited to the arguments raised in his motion to amend, and instead is entitled to a new opportunity to rewrite his July 19, 2000 motion for relief under 28 U.S.C. § 2255. The sole case that the petitioner cites in support of this proposition, United States v. Emmanuel, 288 F.3d 644, 649-50 (4th Cir. 2002), does not apply here. The Fourth Circuit's holding in Emmanuel was limited to circumstances in which a court converts a motion that is not expressly denominated as a § 2255 motion into the movant's first § 2255 motion. See 288 F.3d at 649 ("We hold that if a prisoner files a motion that is not denominated a § 2255 motion and the court at its option prefers to convert it into the movant's first § 2255 motion, the court shall first advise the movant that it intends to so recharacterize the motion. … If the movant agrees to or acquiesces in the recharacterization, the court should permit amendments to the motion to the extent permitted by law."). Here, the Court ultimately did not construe the petitioner's September 5, 2000 motion to amend as a § 2255 motion, so the petitioner would not be entitled to an opportunity to amend that motion under Emmanuel.

Second, the petitioner's motion does not identify any fraud, accident, or mistake that would give rise to an independent cause of action in equity. As noted above, Emmanuel did not require the Court to provide the petitioner with another opportunity to supplement or amend, and the petitioner's brief does not identify any other purported error. Accordingly, the petitioner has failed to state a claim for an independent action in equity.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court dismiss the petitioner's "Motion for Relief from Judgment or, in the Alternative, Independent Action, Pursuant to Fed. R. Civ. P. 60(b)(4)-(6) & (d)."

                                             Respectfully submitted,

                                             G. Zachary Terwilliger
                                             United States Attorney

Date: December 6, 2019               By:       /s/
                                             Michael P. Grady
                                             Special Assistant United States Attorney
                                             United States Attorney's Office
                                             2100 Jamieson Avenue
                                             Alexandria, VA 22314
                                             Telephone: 703-838-2639
                                             Facsimile: 703-299-3980
                                             Email: michael.grady2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Response and Opposition was sent via the United States Postal Service this 6th day of December 2019 to:

Johnny Lee Wesley
Reg. No. 42421-083
FCI Allenwood Med
P.O. Box 2000
White Deer, PA 17887

By:     /s/
Michael P. Grady
Special Assistant United States Attorney